IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM T. REPKING, | ) |
| Plaintiff, | ) |
| v. | ) No. 12-cv-2034 |
| DAVID A. McKENNEDY, | ) |
| Defendant. | ) |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (d/e 40) (Motion for Summary Judgment), and Defendant's Motion to Strike Portions of Plaintiff's Motion for Summary Judgment (d/e 42) (Motion to Strike). The parties consented to proceed before this Court. Consent to Proceed Before a United States Magistrate and Order of Reference entered June 6, 2012 (d/e 15). This case arises from an automobile accident on August 23, 2010, on Interstate 55 (I-55) in Montgomery County, Illinois. Plaintiff William T. Repking seeks partial summary judgment on the issues of negligence and proximate cause. McKennedy seeks to strike portions of the exhibits attached to the Motion

for Summary Judgment that refer to McKennedy's use of hydromorphone days prior to the accident. For the reasons set forth below, the Motion for Summary Judgment is ALLOWED. No issues of fact exist regarding McKennedy's negligence or regarding proximate cause. Issues of fact remain regarding damages, including whether the accident caused the specific damages claimed by Repking. The Court did not consider any references to drug use in deciding the Motion for Summary Judgment. Therefore, the Motion to Strike is DENIED as moot.

## STATEMENT OF FACTS

On August 23, 2010, between 12:00 a.m. and 1:00 a.m., McKennedy drove south on I-55 in Montgomery County, Illinois. He exited at Carlinville, Illinois, turned left at the top of the exit ramp, and drove east over the overpass over I-55. McKennedy intended to turn right onto the frontage road that runs along the east side of I-55 and continue south on the frontage road. Unfortunately, McKennedy erroneously turned right onto the exit ramp for the northbound lanes of I-55 instead of the frontage road. McKennedy drove the wrong way down the exit ramp and continued driving the wrong way south on the northbound lanes of I-55. Motion for Summary Judgment, Exhibit B, Deposition of David McKennedy, at 37-43.

Repking was driving north on I-55 at same the time.  McKennedy and Repking had a head-on collision almost immediately after McKennedy started driving the wrong way on I-55, "Well, it was only about 30 feet from the time I got onto the interstate, so it was almost instantaneous."  Id., at 43.  McKennedy was driving about 30 miles per hour at the time of the collision. Id., at 39, 43.  McKennedy agreed in his deposition that Repking did not have any time to avoid the collision.  Id., at 44.  McKennedy further agreed that the collision occurred because of his mistake to drive south in the northbound lanes of I-55.  Id.  McKennedy was cited for reckless driving and pleaded guilty to the citation.  Id., at 57.  Repking alleges that he suffered injuries as a result of the accident.

Repking filed a two-count complaint against McKennedy.  Repking invoked this Court's diversity jurisdiction because he is a citizen of Colorado and McKennedy is a citizen of Illinois.  Count I alleges a claim for negligence, and Count II alleges a claim for willful and wanton conduct.  Complaint (d/e 1).  McKennedy alleges no affirmative defenses, such as comparative or contributory negligence.  Answer (d/e 8).  Repking seeks partial summary judgment on the issues of negligence and proximate cause in Count I.

## ANALYSIS

At summary judgment, the movant Repking must present evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to McKennedy. Any doubt as to the existence of a genuine issue for trial must be resolved against Repking. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once Repking has met his burden, McKennedy must present evidence to show that issues of fact remain. Celotex Corp. v. Catrett, 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In this case, no issues of fact exist on the questions of negligence and proximate cause.

To establish his negligence claim in Count I, Repking must prove that McKennedy had a duty, he breached that duty, his breach was the proximate cause of the accident, and Repking suffered damages as a result. Coole v. Central Area Recycling, 384 Ill.App.3d 390, 396 893 N.E.2d 303, 309 (Ill. App. 4th Dist. 2008). Repking seeks summary judgment on the first three elements of his negligence claim, leaving only a trial on damages on Count I. The undisputed facts show that Repking is entitled to partial summary judgment on these three elements of Count I.

McKennedy had a duty and breached that duty. McKennedy had a duty to use ordinary care to operate his motor vehicle for the safety of other motorists. See e.g., 625 ILCS 5/11-601(a) (prohibiting driving at a speed that "endangers the safety of any person or property."). McKennedy breached that duty by driving the wrong way on the northbound lanes of I-55. See 625 ILCS 5/11-708(b) (prohibiting driving the wrong way on lanes designated for one-way traffic). McKennedy's negligence is established.

McKennedy argues that an issue of fact exists regarding whether he used ordinary care once he realized his mistake that he was driving the wrong way on the Interstate. The Court disagrees. McKennedy breached his duty when he started driving the wrong way on I-55. He described the accident as being "almost instantaneous" once he started south on the northbound lanes. There was no time interval in which he realized his mistake and somehow thereafter used ordinary care while driving the wrong way on the Interstate. Duty and breach of duty is established.

Proximate cause is also established. A negligent act is a proximate cause if the act is both the cause in fact and the legal cause. Cause in fact is determined under but-for causation. An act is the legal cause if the injurious event is reasonably foreseeable and "is the natural and probable

consequence" of the act.  <u>Garrett by Garrett v. Grant School Dist. No. 124</u>, 139 Ill. App.3d 569, 580, 487 N.E.2d 699, 706 (Ill. App. 2$^d$ Dist. 1985). Proximate cause is ordinarily a question of fact for the jury, but may be decided at summary judgment "when the facts are not only undisputed, but are also such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them." <u>Id.</u>

In this case, the judgment of reasonable men would not differ: McKennedy's negligence was the proximate cause of the accident. McKennedy was driving the wrong way on I-55 in the middle of the night. But for McKennedy's actions, this accident would not have happened. McKennedy also concedes that Repking did not have time to do anything to avoid the accident.  McKennedy does not present evidence of any other intervening cause.  Therefore, the undisputed evidence establishes that McKennedy, in fact, caused the accident by his negligent conduct and a head-on collision was both reasonably foreseeable and the natural and probable consequences of McKennedy's actions.  Proximate cause is established.

McKennedy argues that Repking must prove that the accident caused the specific elements of damages for which Repking seeks compensation. McKennedy specifically disputes Repking's claims of mental, emotional,

and intellectual damages.  The Court agrees.  Repking must prove to the jury that he suffered each element of damages claimed as a result of the accident, including mental, emotional, and intellectual damages.  McKennedy may challenge and fully litigate at trial whether the accident caused such damages to Repking.  Repking, however, is entitled to partial summary judgment on the three elements of his negligence claim: duty, breach of duty, and proximate cause.

McKennedy argues that entering partial summary judgment on proximate cause will confuse the jury.  The Court acknowledges that some jury confusion could arise if Repking proceeded to trial on damages only in Count I and liability and damages in Count II of the Complaint.  Therein, Repking would need to prove liability on the willful and wanton claim in Count II.  Repking, however, has no need to proceed to trial on Count II.  Repking seeks the exact same compensatory damages in both Counts I and II. Compare Complaint, at 3-4 (Count I ¶ 7 and Prayer for Relief), with Complaint, at 6 (Count II ¶ 7 and Prayer for Relief).  Repking may present evidence on all of his claimed damages without going to the trouble and expense of attempting to prove that McKennedy's actions were willful and wanton.  Repking could possibly have sought punitive damages on Count II at trial even though the Complaint did not pray for punitive damages.  The

Court may award any type of relief after trial if the evidence and the verdict support it even if the pleadings do not request the specific type of relief. Fed. R. Civ. P. 54(c). Repking, however, would have needed to disclose a claim for punitive damages to McKennedy in his initial disclosures. See Fed. R. Civ. P. 26(a)(1)(A)(iii) and 37(c)(1). The Court directed Repking to file his disclosures to resolve this question. Text Order entered September 24, 2013. Repking promptly complied. Plaintiff's Rule 26 Disclosure (d/e 48). Those disclosures only list compensatory damages. Id., § III. Therefore, punitive damages are not at issue in this case. Because the Count II liability issues do not need to be tried, the prospect for jury confusion is eliminated. If McKennedy believes that the possibility of jury confusion still exists, the Court and the parties can craft appropriate instructions to avoid that potential confusion.[1]

WHEREFORE Plaintiff's Motion for Summary Judgment (d/e 40) is ALLOWED, and Defendant's Motion to Strike Portions of Plaintiff's Motion for Summary Judgment (d/e 42) is DENIED as moot. The Court enters partial summary judgment in favor of Plaintiff William T. Repking and against Defendant David A. McKennedy on the issues of McKennedy's negligence and whether McKennedy's negligence was the proximate cause

---

[1] Plaintiff could always move to dismiss Count II to avoid all confusion.

of the injurious accident, as alleged in Count I of the Complaint.  The trial on Count I will be limited to damages in accordance with this Opinion.  Telephone conference to discuss scheduling and to discuss a referral for Court-sponsored mediation set Wednesday, November 6, 2013, at 2:00 p.m. (Court will place call.)

ENTER:  October 17, 2013

                                              *s/ Byron G. Cudmore*
                                    UNITED STATES MAGISTRATE JUDGE