E-FILED
Thursday, 24 October, 2013  11:50:21 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILLIAM T. REPKING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-cv-2034 |
| | ) | |
| DAVID A. McKENNEDY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant David McKennedy's First, Second and Third Motions in Limine (d/es 37, 38, and 39).  The parties consented to proceed before this Court.  Consent to Proceed Before a United States Magistrate and Order of Reference entered June 6, 2012 (d/e 15).  For the reasons set forth below, Defendant's First Motion in Limine to Bar Evidence of the Defendant's Use of Drugs or Mental Condition at Trial (d/e 37) (Motion 37) is ALLOWED; Defendant's Second Motion is Limine (d/e 38) (Motion 38) is ALLOWED in part; and Defendant's Third Motion is Limine (d/e 39) (Motion 39) is ALLOWED.  The Court addresses each Motion separately.

First Motion in Limine

Motion 37 seeks to bar evidence of McKennedy's drug use or his mental condition. The Court has entered partial summary judgment in favor of Plaintiff William Repking on liability and had determined that the trial will be limited to damages. Opinion entered October 18, 2013 (d/e 49) (Opinion 49), at 7-9. Issues regarding McKennedy's mental state and use of drugs are irrelevant to a trial on damages. Repking agrees. Plaintiff's Response to Defendant's First Motion in Limine to Bar Evidence of the Defendant's Use of Drugs or Mental Condition at Trial (d/e 43), at 1. Thus, the First Motion in Limine is ALLOWED and this evidence will be barred at trial.

Second Motion in Limine

Motion 38 seeks to bar Repking's expert witness Dr. David Fletcher, M.D., from opining about whether Repking suffers from any residual or permanent cognitive defect, emotional defect, post-traumatic stress, psychological defect or mental impairment of any kind as a result of the accident. Motion 38, at 1. McKennedy also seeks to bar Dr. Fletcher from opining that Repking suffered a closed head injury. Motion 38, at 11. The case arose from a head-on automobile collision on Interstate 55 in Montgomery County, Illinois, that occurred on August 23, 2010. Repking

suffered injuries as a result of the accident.  See Opinion 49, at 2-3 for a summary of the facts.

Repking retained Dr. Foster to conduct an independent medical examination of Repking.  Dr. Fletcher is a physician and board certified in the fields of occupational and preventive medicine.  Dr. Fletcher reviewed Repking's medical records and examined Repking.  Dr. Fletcher then issued a report.  Plaintiff's Response to Defendant's Second Motion in Limine to Bar Evidence of Dr. Fletcher's Opinions on Mr. Repking's Mental Impairment (d/e 44), Exhibit B, Report dated January 28, 2013 (Report).

McKennedy then deposed Dr. Fletcher.  At his deposition, Dr. Fletcher opined to a reasonable degree of medical certainty that Repking suffered a closed head injury in the collision.  Motion 38, Exhibit A, Deposition of David Fletcher, M.D. (Fletcher Deposition), at 47-48. Dr. Fletcher further testified that he observed some cognitive deficits in his examination, but could not opine as to the extent of any permanent cognitive deficit caused by the closed head injury.  Dr. Fletcher testified that Repking needed to undergo a neuropsychological assessment to determine the extent of any permanent deficits caused by the closed head injury.  Fletcher Deposition, at 49.

This Court must perform a gate-keeping function to allow only expert opinion testimony that is relevant and reliable.  Fed. R. Civ. P. 702; <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 589 (1993).  After careful review of the Report and the Fletcher Deposition, the Court finds that Repking can present Dr. Fletcher's opinion that Repking suffered a closed head injury in the collision.  Dr. Fletcher is a physician qualified to render this opinion, and the opinion is based on the following:  Repking lost consciousness after the collision; a CT scan of Repking's brain that showed some petechial hemorrhages that were not deemed significant; Dr. Brian K. Russell, M.D., a neurological surgeon examined Repking on August 26, 2010, and concluded that Repking had suffered a closed head injury; other information in Repking's medical records; Repking's reports of symptoms; and Dr. Fletcher's observations of Repking.  <u>Report</u>, at 7; <u>Fletcher Deposition</u>, at 27-30, 48.  The Court finds that this material provided a sufficient basis for the opinion that Repking suffered a closed head injury.

McKennedy complains that Dr. Fletcher is doing little more than repeating hearsay statements in Repking's medical records.  Experts, however, can base their opinions on hearsay if experts in their field would rely on such data.  Fed. R. Civ. P. 703.  Doctors properly rely on medical

records to formulate medical opinions.  Dr. Fletcher can testify to his opinion that Repking suffered a closed head injury.

Dr. Fletcher, however, may not opine whether Repking suffers from any residual or permanent defect or deficits as a result of the closed head injury.  Dr. Fletcher testified that Repking needed to undergo a neuropsychological assessment to determine the extent of any permanent deficits caused by the closed head injury.  Repking has not undergone this test.  Therefore, Dr. Fletcher has no basis to opine on these matters, and so, such opinions are barred.

Third Motion in Limine

Motion 39 seeks to bar:

(a) Evidence, testimony or records regarding Dr. Karen Lee's examination, treatment or opinions on Plaintiff's psychological, mental or cognitive conditions or limitations;

(b) Any evidence of Dr. Lee's medical bills for treatment/evaluation of the Plaintiff.

Motion 39, at 1.  McKennedy filed Motion 39 on August 14, 2013.  Repking was required to respond to Motion 39 within fourteen days of service.  If Repking did not respond within that time frame, the Court presumes that Repking has no opposition to Motion 39.  Local Rule 7.1(B)(2).  The certificate of service on Motion 39 shows that McKennedy served Motion

39 by mail on August 14, 2013, on Repking's counsel of record.  The

Court's CM/ECF Notice of Electronic Filing shows that Motion 39 was

served electronically on Repking's counsel of record on August 14, 2013.

More than two months have passed, and Repking has not responded.

Therefore, the Court presumes that Repking has no opposition to Motion

39.  Motion 39 is allowed.

WHEREFORE Defendant's First Motion in Limine to Bar Evidence of

the Defendant's Use of Drugs or Mental Condition at Trial (d/e 37), and

Defendant's Third Motion in Limine (d/e 39) are ALLOWED; and

Defendant's Second Motion in Limine (d/e 38) is ALLOWED in part and

DENIED in part.

ENTER:   October 24, 2013


_____*s/ Byron G. Cudmore*_____
UNITED STATES MAGISTRATE JUDGE