E-FILED
Tuesday, 06 May, 2014  03:34:33 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM T. REPKING, | ) |
| Plaintiff, | ) |
| v. | ) No. 12-cv-2034 |
| DAVID McKENNEDY, | ) |
| Defendant, | ) |

**OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff William T. Repking's Motion to Amend Complaint (d/e 52) (Motion). For the reasons set forth below, the Motion is DENIED.

BACKGROUND

Repking brought this action to recover for personal injuries that he suffered in a head-on automobile collision that occurred on Interstate 55 (I-55) in Central Illinois on August 23, 2010, between 12:00 a.m. and 1:00 a.m. McKennedy was driving in the wrong direction on I-55 at the time of the collision. See Opinion entered October 18, 2013 (d/e 49) (Summary Judgment Opinion), at 2-3 for a discussion of the circumstances of the collision.

Repking filed a two-count Complaint against McKennedy. Count I alleged a claim for negligence, and Count II alleged a claim for willful and wanton conduct. Complaint (d/e 1). Both Counts, however, only prayed for compensatory damages. Compare Complaint, at 3-4 (Count I ¶ 7 and Prayer for Relief), with Complaint, at 6 (Count II ¶ 7 and Prayer for Relief). Repking only disclosed that he was seeking compensatory damages in his Rule 26(a) initial disclosures. Plaintiff's Rule 26 Disclosure (d/e 48). The Court explained in the Summary Judgment Opinion that Repking needed to disclose a claim for punitive damages in his initial disclosures in order to present such evidence at trial. Summary Judgment Opinion, at 8 (citing Fed. R. Civ. P. 26(a)(1)(A)(iii) and 37(c)(1)). The Court entered partial summary judgment on the issue of liability on Count I and left the issue of compensatory damages for trial. Summary Judgment Opinion, at 8-9. Repking now asks to amend the Complaint to add a claim for punitive damages in both Counts.

## ANALYSIS

Generally, amendments to pleadings are governed by Rule 15. Fed. R. Civ. P. 15(a). This Court, however, directed the parties to file all motions to amend pleadings by October 5, 2012. Scheduling Order entered June 5, 2012 (d/e 16), at 1. Repking filed the Motion on November 19, 2013, more

than a year after the deadline.  Under such circumstances, the Motion is first governed by Rule 16(b).  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 608 (7th Cir. 1992).  Repking must first show good cause to justify a modification of the Scheduling Order to allow the untimely filing of the Motion.  <u>Id.</u>, at 608-09; <u>see</u> Fed. R. Civ. P. 16(b)(4).  Once such good cause is shown, he must demonstrate the proposed amendment is proper under Rule 15.

Repking offers no explanation for the untimeliness of the Motion.  The Motion states that the proposed amendment alleges no new facts.  <u>Motion</u>, ¶ 6.  Thus, Repking knew all of the facts to support his claim for punitive damages before the October 5, 2012, deadline.  He could have filed the Motion in a timely manner, but did not.  The Court's Scheduling Order may be modified only if good cause justifies a modification.  Fed. R. Civ. P. 16(b)(4).  Repking offers no such cause.  The Motion is denied as untimely.

The proposed amendment is also denied because the undue delay in filing the motion would cause undue prejudice to McKennedy.  Leave to amend pleadings is to be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  The Court, however, may deny leave to amend a complaint under several circumstances, including when the plaintiff has engaged in undue delay that results in undue prejudice to the defendant.

Foman v. Davis, 371 U.S. 178, 182 (1962); see e.g., Feldman v. American Memorial Life Ins. Co., 196 F.3d 783, 793 (7th Cir. 1999).

In this case, Repking's tardiness in seeking to amend his Complaint constitutes such undue delay. Discovery has closed; partial summary judgment on liability on Count I has been entered; and this matter is ready for trial on damages. If the Motion is allowed, discovery will need to be reopened, and the partial summary judgment will need to be reconsidered. The trial will clearly be delayed. All of this will work an undue prejudice on McKennedy.

If Repking now adds a claim for punitive damages, discovery would need to be reopened. At a minimum, McKennedy would be entitled to discover the facts on which Repking plans to rely: (1) to establish a right to punitive damages; and (2) to prove the appropriate amount of punitive damages. In Illinois, punitive damages are awarded only if the defendant's conduct was willful or outrageous due to evil motive or a reckless indifference to the rights of others. Franz v. Calaco Development Corp., 352 Ill.App.3d 1129, 1137, 818 N.E.2d 357, 366 (Ill. App. 2d Dist. 2004). McKennedy would be entitled to discover all of the evidence on which Repking intends to prove these elements. Repking argues that discovery is not necessary because driving the wrong way on I-55 is obviously

outrageous conduct. Even if driving on the wrong side of the Interstate is outrageous, McKennedy would still be entitled to discover whether Repking intended to rely on any additional evidence to establish this claim.

McKennedy would also be entitled to discovery regarding the amount of any punitive damage claim. Punitive damages are not subject to precise calculation, but a punitive award must not be excessive. Farfaras v. Citizens Bank and Trust of Chicago, 433 F.3d 558, 567 (7th Cir. 2006). Three guideposts are used to evaluate whether punitive damages are excessive:

> This Court has enunciated "three guideposts" to steer the evaluation of "whether a punitive damage award is grossly excessive such that it offends due process: (1) the degree of reprehensibility of defendant's conduct; (2) the disparity between the harm or potential harm suffered by the plaintiff and his punitive damages award; and (3) the difference between this remedy and the civil penalties authorized or imposed in comparable cases."

Id. (quoting Kapelanski v. Johnson, 390 F.3d 525, 534 (7th Cir.2004)). McKennedy would be entitled to discover the method by which Repking would apply the guideposts in this case. McKennedy would certainly be entitled to discover any civil penalties that Repking believes would be comparable to the punishment sought in the punitive award. See Davis v. Harris, 2006 U.S. Dist. Lexis 88000, at *12 (C.D. Ill. December 5, 2006). This discovery would cause significant delay in this case.

The Court may also need to reconsider partial summary judgment if the Motion is allowed.  McKennedy argued that partial summary judgment on liability on negligence would cause jury confusion.  This Court acknowledged that possibility, "The Court acknowledges that some jury confusion could arise if Repking proceeded to trial on damages only in Count I and liability and damages in Count II of the Complaint."  <u>Summary Judgment Opinion</u>, at 7.  This Court found no risk of jury confusion, however, because the Count II willful and wanton claim did not need to be tried.  Count II did not need to be tried because Repking was only seeking compensatory damages in both Counts.  The damages trial on Count I would give Repking a complete remedy.  <u>Id.</u>, at 7-8.  If the Motion were allowed, this Court would need to reconsider the effect of jury confusion on the question of partial summary judgment.  The briefing necessary to conduct this reconsideration would necessarily delay the proceedings and impose additional expenses on the parties.

The delay and additional expense would be undue because Repking could have asserted a claim for punitive damages when he filed the case.  He claims a right to punitive damages on the facts that he alleged in his original Complaint.  He chose not to include a prayer for punitive damages.  He also chose not to include punitive damages in his Rule 26 initial

disclosures. He waited until after discovery was closed and until after partial summary judgment was entered to seek this amendment. He further offers no justification for why he waited. The delay that the proposed amendment would cause would be clearly undue.

The undue delay would also prejudice McKennedy unduly. McKennedy is entitled to a resolution of this case. He has fully participated in discovery. He has defended against Repking's partial summary judgment motion. He is ready for trial. He should not be required to start all over again because Repking at the last minute wants to add a claim for punitive damages, particularly when he could have included this claim from the beginning. The Motion is denied because it is untimely and because the proposed amendment would cause undue delay that would unduly prejudice McKennedy.

THEREFORE Plaintiff's Motion to Amend Complaint (d/e 52) is DENIED.

ENTER: May 6, 2014

 _s/ Tom Schanzle-Haskins_  
UNITED STATES MAGISTRATE JUDGE