IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM T. REPKING, | ) |
| Plaintiff, | ) |
| v. | ) No. 12-cv-2034 |
| DAVID McKENNEDY, | ) |
| Defendant, | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant David McKennedy's Fourth Motion in Limine (d/e 51) (Motion). The parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before this Court. <u>Consent to the Exercise of Jurisdiction by a United States Magistrate Judge</u>, filed May 12, 2014 (d/e 62); and <u>Order of Reference</u>, entered May 14, 2014 (d/e 63). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

Repking brought this action to recover for personal injuries that he suffered in a head-on automobile collision that occurred on Interstate 55 (I-55) in Central Illinois on August 23, 2010, between 12:00 a.m. and 1:00 a.m. McKennedy was driving in the wrong direction on I-55 at the time of

the collision.  See Opinion entered October 19, 2013 (d/e 49) (Summary Judgment Opinion), at 2-3 for a discussion of the circumstances of the collision.

Repking filed a two-count Complaint against McKennedy.  Count I alleged a claim for negligence, and Count II alleged a claim for willful and wanton conduct.  Complaint (d/e 1).  Both Counts, however, only prayed for compensatory damages.  Compare Complaint, at 3-4 (Count I ¶ 7 and Prayer for Relief), with Complaint, at 6 (Count II ¶ 7 and Prayer for Relief).  Repking only disclosed that he was seeking compensatory damages in his Rule 26(a) initial disclosures.  Plaintiff's Rule 26 Disclosure (d/e 48).  The Court explained in the Summary Judgment Opinion that Repking needed to disclose a claim for punitive damages in his initial disclosures in order to present such evidence at trial.  Summary Judgment Opinion, at 8 (citing Fed. R. Civ. P. 26(a)(1)(A)(iii) and 37(c)(1)). The Court entered partial summary judgment on the issue of liability on Count I and left the issue of compensatory damages for trial.  Summary Judgment Opinion, at 8-9.

McKennedy now moves in limine that at trial:

a. Any evidence of the facts surrounding the accident at issue be barred;

b. Any evidence that the Defendant was traveling in the wrong direction on Interstate 55 when the accident occurred be barred;

  c. Any evidence that the accident at issue was a head-on collision be barred;

  d. Any evidence of the severity of the impact be barred;

  e. Any photographs of the accident or accident scene be barred;

  f. Any photographs of the motor vehicles involved in the accident be barred.

Motion, at 1.[1] McKennedy argues that the evidence is not relevant since liability is established. McKennedy also argues that the evidence is unduly prejudicial.

## ANALYSIS

The request to bar all such evidence is denied. The nature of the collision is relevant background information to explain to the jury the circumstances that gave rise to Repking's injuries. Repking should be allowed to educate the jury on the circumstances of his injuries to help understand the nature and severity of those injuries. See Phillips v. Lawrence, 87 Ill.App.2d 60, 63, 230 N.E.2d 505, 507 (Ill. App. 5th Dist. 1967). One of Repking's treating physicians, Dr. David Fletcher, M.D., also considered the force applied in the collision in formulating his opinions regarding Repking's damages. See Plaintiff's Response to Defendant's

---

[1] The Court previously barred evidence of McKennedy's mental state and use of drugs. Opinion entered October 24, 2013 (d/e 50) (Opinion 50). This Opinion does not affect the rulings in Opinion 50. McKennedy's mental state or drug use is not relevant to the trial on damages to be held in this case.

Fourth Motion in Limine (d/e 56), Exhibit A, Deposition of David Fletcher, at 44.  The factual basis of an expert's opinions would also be relevant.  See Fed. R. Evid. 702(b).  This evidence sought to be barred is relevant.

McKennedy argues that even if the evidence is relevant, the evidence should be barred because it would be unduly prejudicial.  This Court may exclude relevant evidence if the probative value of the evidence is substantially outweighed by a danger of unfair prejudice or if the evidence is needlessly cumulative.  Fed. R. Evid. 403.  In this case, the probative value of the evidence of the collision is limited to explaining the background circumstances of Repking's injuries and the basis for Dr. Fletcher's opinions.  This background information is important to understand the nature of the injuries and also to understand the basis of an expert's opinions.  The Court finds admitting some relevant evidence of nature of the collision is not outweighed by the danger of unfair prejudice to McKennedy.  The Court, therefore, will not bar all such evidence in limine.

Extensive evidence of the collision, however, would not be necessary and could create a risk of prejudice against McKennedy for his negligence in driving the wrong way on the Interstate.   McKennedy may object at trial to particular evidence that he believes is unduly prejudicial, needlessly cumulative, or otherwise inadmissible.

THEREFORE Defendant David McKennedy's Fourth Motion in Limine (d/e 51) is DENIED. McKennedy may object at trial to particular evidence if he believes the evidence is unduly prejudicial, needlessly cumulative, or otherwise inadmissible.

ENTER: May 22, 2014

                                      *s/ Tom Schanzle-Haskins*
                               UNITED STATES MAGISTRATE JUDGE